```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**SETH HARRIS,**

                      **Plaintiff,**

     **v.**                                                  CASE NO.07-3047-SAC

**DUKE TERRELL, et al.,**

                      **Defendants.**

**O R D E R**

Plaintiff proceeds pro se on a <u>Bivens</u>[1] complaint seeking relief on allegations that the conditions of his confinement at the United States Penitentiary in Leavenworth, Kansas (USPLVN), violated his constitutional rights. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined plaintiff's records for that relevant time period, the court finds the average monthly deposit to plaintiff's account is $36.25, and the average monthly balance is $5.94. The court therefore assesses an initial partial filing fee of $7.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Because plaintiff was a prisoner in USPLVN when he filed this action, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

To establish a <u>Bivens</u> cause of action, a party must have some evidence to support finding that a federal agent acting under color of such authority violated some cognizable constitutional right of the plaintiff.  <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  *See* <u>Seigert v. Gilley</u>, 500 U.S. 226 (1991)(to support <u>Bivens</u> claim, alleged conduct must rise to level of constitutional violation).

In the present action, plaintiff seeks damages from four USPLVN officials and broadly states in his complaint that there were "serious health code violations" at the facility which defendants conspired to cover up.  In the administrative documents attached to the complaint, plaintiff complains of not being transferred from USPLVN as he requested to avoid unsafe air and water, and references the presence of mold, mildew, and bacterial at the facility as well as sanitary deficiencies in the dietary room.  But in his complaint, plaintiff identifies no specific claims nor any personal participation by any named defendant in the alleged deprivation of his rights.[2]  Instead, plaintiff simply refers the court's attention to the attached administrative documents.

---

[2] Plaintiff's complaint mirrors what he submitted in a prior action, <u>Harris v. Terrell, et al.</u>, Case No. 06-3202-SAC, which the court dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) prior to the Supreme Court's decision in <u>Jones v. Bock</u>, --- U.S. ----, 127 S.Ct. 910 (2007).

The court finds this does not satisfy Rule 8(a) of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The statement need not be factually detailed but it still "must give [each] defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 85 (1957).  *See* Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007)(plaintiffs are required "to state their claims intelligibly so as to inform the defendants of the legal claims being asserted").

Plaintiff also fails to establish any defendant's personal participation in any deprivation of plaintiff's constitutional rights.  *See* Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted).  Vague and conclusory claims of a conspiracy are insufficient.  *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See* Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable merely because of his or her supervisory position.  *See* Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); Rizzo v. Goode, 423 U.S. 362 (1976).  *See e.g.,* Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional

3

deprivation).

Although a pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," a district court "is [not] to assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110.  The court is not to take on the responsibility of constructing arguments and searching the record for a pro se litigant.  Garrett v. Selby Connnor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  Nor does the court's liberal construction of a pro se complaint "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

Accordingly, to avoid dismissal of the complaint as stating no claim for relief, plaintiff is directed to submit a form complaint that complies with Rule 8 by setting forth specific claims involving the alleged deprivation of plaintiff's rights, and by demonstrating each defendants' personal participation in the alleged deprivation. See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in this action being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $7.00.  Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the

dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to submit a form complaint sufficient to avoid dismissal of this action as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.  The clerk's office is to provide plaintiff with a form <u>Bivens</u> complaint.

**IT IS SO ORDERED.**

DATED:  This 16th day of January 2008 at Topeka, Kansas.

<pre>
 s/ Sam A. Crow            
SAM A. CROW
U.S. Senior District Judge
</pre>